IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**CHERIE WASHBURN,**

      **Petitioner,**

v.    Case No. 1:22-cv-00562

**WARDEN,**
**FPC ALDERSON,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Cherie Washburn's *pro se* Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241, (ECF No. 1), and a motion to dismiss contained in the Warden's Response. (ECF No. 6). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the United States' request for dismissal, (ECF No. 6), be **GRANTED;** Washburn's Petition, (ECF No. 1), be **DENIED;** and this matter be **DISMISSED** and **REMOVED** from the docket of the court.

I.    **Relevant History**

When Washburn prepared the instant emergency petition for habeas relief on December 5, 2022, she was incarcerated at Federal Prison Camp ("FPC") Alderson.

1

(ECF No. 1). Washburn requested immediate release to home confinement pursuant to the CARES Act although she had a scheduled release date of April 4, 2023. (ECF No. 1). She based her request for release on her health. Washburn stated that she had recently given birth, had a history of tobacco use, and suffered from severe asthma and major depressive disorder, which placed her at an increased risk of becoming seriously ill from COVID-19. (*Id.* at 1-6). According to Washburn, she otherwise qualified for release to home confinement, and the Federal Bureau of Prison's ("BOP") refusal to consider her for release was unlawful. (*Id.*).

The Warden filed a response to the petition, stating that Washburn was not entitled to release because she had not exhausted her administrative remedies and because the BOP had already determined that she was not eligible for CARES Act relief. (ECF No. 6). Washburn filed a reply, disagreeing with the response. Washburn claimed that she had exhausted her administrative remedies and asserted that the BOP had improperly denied her request for CARES Act relief without considering her health risks. (ECF No. 8). She also filed an amended reply to supplement the details of her arguments. (ECF No. 9). Washburn was subsequently released from incarceration on March 27, 2023. *See* BOP Inmate Locator, www.bop.gov/inmateloc/.

## II. Standard of Review

Respondent requests that this Court dismiss Petitioner's § 2241 petition but does not identify the Rule of Civil Procedure that governs his motion. Because Respondent filed a Response concurrently with the motion to dismiss, the motion technically is one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion to dismiss under Rule 12(c) applies the same standard of review as a motion to dismiss for failure to

2

state a claim under Fed. R. Civ. P. 12 (b)(6), and both motions may be filed in habeas actions. *Id.* at 138-39; see also *Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(c) motion in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting Wolfe, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into one for summary judgment. Id. The Court may also consider documents "attached to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

The power of federal courts is limited by Article III of the United States Constitution. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided." *Ross v. Reed*, 719 F.2d. 689, 694 (4th Cir. 1983). If circumstances change over the course of the lawsuit such that the controversy no

longer exists, the federal courts are powerless to decide the case. *Ross*, 719 F.2d. at 694 (4th Cir. 1983). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Because mootness is jurisdictional, the court must consider it even when no party has raised the issue. *United States v. Ketter,* 908 F.3d 61, 65 (4th Cir. 2018). "As a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). As the only relief Washburn sought in her petition was an earlier release to home confinement, her subsequent release from prison has rendered her claim moot. *See Lane v. Williams*, 455 U.S. 624, 633 (1982) ("Through the mere passage of time, respondents have obtained all the relief that they sought. In these circumstances, no live controversy remains."); *also Jaume-Suarez v. Warden FCI Edgefield*, No. 2:16-cv-3770-RMG-MGB, 2017 WL 3447448, at *1 (D.S.C., July 21, 2017) (finding prisoner's habeas petition moot where prisoner sought only an earlier release from prison and was released after filing the petition), *report and recommendation adopted,* 2017 WL 3431967 (D.S.C., Aug. 9, 2017). Accordingly, the undersigned **FINDS** that Washburn's petition must be dismissed as moot.

There are two exceptions to the mootness doctrine which would allow the Court to consider Washburn's petition. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)). The party advocating for the exception to the mootness doctrine bears the burden of demonstrating that the exception applies. *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) (citing *Brooks v. Vassar,* 462 F.3d 341, 348 (4th Cir. 2006)).

The undersigned **FINDS** that Washburn's petition cannot satisfy either exception to mootness. She does not meet the first exception, because she does not challenge her conviction or sentence. "Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard,* No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Washburn likewise is unable to meet the second exception to the mootness doctrine, because the issue she raised did not *evade* review. To the contrary, she

received the relief she requested, simply rendering review unnecessary. Moreover, Washburn cannot demonstrate a reasonable expectation that she will return to FPC Alderson and face the same concerns. "Mere conjecture ... that the prisoner may return to the first prison and again face the alleged wrong is not sufficient to meet the mootness exception." *Owens v. FCI Beckley*, No. 5:12-CV-03620, 2013 WL 4519803, at *7 (S.D.W. Va. Aug. 27, 2013) (citing *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996)). Consequently, given Washburn's exit from FPC Alderson, and in the absence of a demonstrated probability that she will return to that facility, her petition in this Court is moot, and neither exception to the mootness doctrine applies.

Even if the petition had presented a live controversy, this Court could not have granted Washburn the relief she requested, because the decision to release an inmate to home confinement under the CARES Act lies solely within the discretion of the BOP. *See, e.g., United States v. Whisonant,* No. ELH-17-191, 2023 WL 4243232, at *22 (D. Md. Jun. 26, 2023) ("Moreover, although § 12003(b)(2) of the CARES Act states that, during the COVID-19 emergency, the director of the Bureau of Prisons may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement, this provision does not alter the exclusive authority of the BOP to make this determination.") (citation and internal markings omitted); *also Knight v. Reherman*, No. CV 1:20-00315, 2020 WL 6573321, at *4 (S.D.W. Va., Aug. 5, 2020), *report and recommendation adopted*, No. CV 1:20-00315, 2020 WL 6572623 (S.D.W. Va. Nov. 9, 2020) (collecting cases finding no authority for courts to order home confinement under the CARES Act). As the BOP enjoys exclusive authority over this determination, there is no judicial remedy when the BOP denies a request for CARES Act home confinement. *Lewis v. SFF Hazleton*, No. 5:20-CV-250, 2020 WL 7249037,

at *2 (N.D.W. Va., Dec. 9, 2020) ("The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. Courts therefore do not have power to grant relief under Section 12003 of the CARES Act."). As such, the undersigned **FINDS** that Washburn's petition must also be dismissed as meritless.

IV.   **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that the United States' request for dismissal, (ECF No. 6), be **GRANTED;** Washburn's Petition, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*,

474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: July 11, 2023

Cheryl A. Eifert
United States Magistrate Judge